IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| ANDREW RAY ANDERSON, | ) | |
|     Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| v. | ) | 1:22-cv-00077-JRH-BKE |
| | ) | |
| ALLY FINANCIAL, INC. | ) | |
|     Defendant. | ) | |
| | ) | |

## SECOND AMENDED COMPLAINT

NOW COMES Andrew Ray Anderson ("Anderson") by and through the undersigned counsel and files this second amended complaint for damages against ALLY FINANCIAL, INC., a Delaware Corporation ("Defendant") and states as follows,

### Jurisdiction and Venue

1.  Anderson is an individual that lives and resides in Columbia County, Georgia and may only be contacted through his undersigned counsel.

2.  Defendant is a bank holding company organized in Delaware and headquartered at 500 Woodward Avenue, 10th Floor, Detroit, Michigan 48226. Defendant may be served with summons and a copy of this Complaint by serving Defendant's registered agent, C T CORPORATION SYSTEM, 289 S. SULVER STREET, LAWRENCEVILLE, GEORGIA 30046.

1

3.     Defendant is a "consumer reporting agency" as that term is defined in 15 U.S.C. §1681(g).

4.     Defendant has violated 15 U.S.C §1681(s)-2 in that Defendant has willfully or negligently misreported a debt owed to Defendant to a Credit Reporting Agency ("CRA"), which has negatively impacted Anderson's credit report and thus negatively affected Anderson's ability to obtain financing.

5.     Pursuant to 15 U.S.C. §1681(p), the Superior Court of Columbia County, Georgia is an appropriate venue and competent jurisdiction to adjudicate this matter.

## Facts

6.     Anderson hereby incorporates fully all preceding paragraphs of the Complaint as if fully restated herein.

7.     Sometime on or around November 1, 2016, Defendant loaned $35,329.26 to Anderson (the "Loan"), so that Anderson could purchase a 2015 Cadillac ATS ("Trade-in Vehicle").  Defendant had a perfected security interest on Trade-in Vehicle.

8.     On November 12, 2018, while trading in the Trade-in Vehicle to a car dealership known as Brickell Buick & GMC ("Brickell"), Anderson authorized a payoff request to Defendant.

9.      On November 12, 2018, in response to Anderson's payoff request, Ally sent a "Retail Quote" to Brickell which stated "the amount required to payoff the [Loan] today is $25,302.77.   Quote Amount shown above ($25,324.65) anticipates [Defendant] receiving the payment on November 16, 2018."

10.     A true and accurate copy of Retail Quote is attached hereto as Exhibit "A" and incorporated herein by reference.

11.     On November 12, 2018, Brickell overnighted a check numbered 188281 to Defendant in the amount of $25,324.65.

12.     Under information and belief, a true and correct copy of the aforementioned check from Brickell is attached hereto as Exhibit "B" and is incorporated herein by reference.

13.     Under information and belief, a true and correct copy of the FedEx overnight label from Brickell is attached hereto as Exhibit "C" and is incorporated herein by reference.

14.     Subsequent to November 12, 2018 ("Payoff Date"), Anderson has financed the purchase of at least one vehicle and Anderson's Credit Report showed no balance owed to Defendant.

15.     Recently, sometime in March of 2022, Anderson applied for a mortgage.  Upon Anderson's submission of his mortgage application, Anderson discovered that Defendant has reported a negative balance of $843.00.

16.     A true and correct copy of the relevant excerpt from Anderson's credit report is attached hereto as Exhibit "D" and is incorporated herein by reference (the "Credit Report").

17.     Upon discovering the negative credit reporting, Plaintiff submitted a dispute through Experian ("Experian Dispute").  The results of submitted dispute through Experian are attached hereto as Exhibit "E" and are incorporated herein by reference (hereinafter referred to as "Dispute Results").

18.     Experian's assigned Report Number for Dispute Results is identified as Report Number 1406-6787-31.

19.     In submitting the Experian Dispute, Anderson submitted a detailed message and attached Plaintiff's Exhibit "A" and Exhibit "B" to his Experian Dispute.

20.     The detailed message in the Experian Dispute explained that Anderson had paid off the Loan in 2018 and was never notified that Defendant maintained a negative balance with Anderson.

21.     Experian is a consumer reporting agency as defined by 15 USCS §1681a(f).

22.     As evidenced by Dispute Results, Defendant received a copy of the Experian Dispute and made no changes to their consumer report of Plaintiff.

23.     Defendant's negative reporting to the CRAs has negatively affected his Credit Report and severely affected Anderson's ability to obtain financing to purchase a home.

24.     Anderson retained the undersigned counsel to investigate this matter because Anderson believed that the Loan had been paid off.

25.     Upon investigating the matter, on April 19, 2022, the undersigned counsel overnighted a notice to Defendant with the subject line "DIRECT DISPUTE OF INFORMATION FURNISHED TO CONSUMER REPORTING AGENCIES PURSUANT TO 15 U.S.C. §1681s-2(a)(8) and 12 C.F.R. §1022.43(a)" (the "Notice").

26.     Pursuant to the aforementioned code sections, Notice requested that Defendant investigate this matter and tender the result of the investigation to Anderson as required by law.

27.     Notice provided that Defendant had thirty (30) days to complete the requested investigation.

28.     Attached hereto as Exhibit "F" is a true and correct copy of the Notice provided to Defendant and is incorporated herein by reference.  Please note that enclosures originally attached to the Notice are not made apart of this attachment because they have already been attached hereto.

29.    As of the date of this filing, Defendant has not contacted Anderson to acknowledge receipt of Notice or that Defendant is or has conducted an investigation of this matter.

### Violation of 15 U.S.C. §1681 *et. seq.*

30.    Anderson hereby incorporates fully all preceding paragraphs of the Complaint as if fully restated herein.

31.    As evidenced by the attached Dispute Results, Anderson submitted a dispute through a consumer reporting agency and Defendant received notice that a dispute was submitted through a consumer reporting agency.

32.    After receiving the Experian Dispute, Defendant failed to conduct an investigation with respect to the disputed information.

33.    Defendant failed to review all relevant information provided by in the Experian Dispute pursuant to 15 U.S.C. §1681i(a)(2) of the Federal Credit Reporting Act.

34.    Defendant failed to report the results of the investigation to the consumer reporting agency.

35.    Defendant failed to modify Anderson's consumer report after receiving indisputable evidence that Anderson did not owe a debt to Defendant.

36.    "Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of –

      a.  Any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00."

*See* 15 U.S.C. §1681(n)(a)(1)(A).

37.    After receipt of Notice, Defendant failed to respond to Anderson or conduct an investigation into the false reporting of a negative balance to the CRAs.

38.    Anderson was denied financing for a mortgage because of Defendant's false negative credit reporting, accordingly Defendant owes actual damages to Anderson in an amount to be determined at trial.

39.    In the alternative of actual damages, Defendant owes Anderson statutory damages pursuant to 15 U.S.C. §1681(n).

40.    Per the latter code section, this Court has authority to award Anderson "the costs of the action together with reasonable attorney's fees as determined by the Court." 15 U.S.C. §1681(n)(a)(c).

41.    Attached hereto as Exhibit "G" is an affidavit of counsel in regard to the costs and fees associated with the filing of this action.

**Equitable Relief**

42.     Anderson hereby incorporates all preceding paragraphs of the Complaint as if fully restated herein.

43.     This Court has authority to grant equitable relief when actual damages is not a proper recourse for a Plaintiff.

44.     Defendant has wrongfully reported missed payments and a negative balance owed to Defendant on Anderson's Credit Report.

45.     Anderson prays that this Court provide equitable relief in addition to the requested damages in that Defendant be ordered to correct Anderson's Credit Report and certify to all CRAs that Anderson does not owe a debt to Defendant.

WHEREFORE, Anderson prays that this Court enter judgment in favor of Plaintiff on its claims as follows:

a. That the Court award Anderson his actual damages for Defendant's willful violation of 15 U.S.C. §1681 *et. seq.*;

b. That the Court award Anderson his statutory damages for Defendant's willful violation of 15 U.S.C. §1681 *et. seq.*;

c. That the Court award Anderson his costs and attorney's fees for Defendant's willful violation of 15 U.S.C. §1681 *et. seq.*;

d. That the Court order Defendant to correct Anderson's Credit Report and certify to all CRAs that Anderson does not owe a debt to Plaintiff.

Submitted this 28th day of July 2022.

/s/ Bowen A. Klosinski
Bowen A. Klosinski
Attorney for Plaintiff
Georgia Bar No. 842225

KLOSINSKI OVERSTREET, LLP
1229 Augusta West Parkway
Augusta, Georgia 30909
(706) 863-2255
bak@klosinski.com

EXHIBIT A

Retail Quote





11/12/2018  3:20 PM

### Quote Information

| | |
|---|---|
| Quote Type: | Retail: FFP |
| Quote Amount: | $25,324.85 (includes daily finance charge through Nov 16, 2018) |
| Amount(s) Good Until: | Nov 16, 2018 |
| Daily Finance Charge After Nov 16, 2018: | $5.470 |

The amount required to payoff the account today is $25,302.77. Quote Amount shown above anticipates Ally receiving the payment on Nov 16, 2018. You can calculate the payoff amount for any day by adding $5.470 each day to the amount owed today.

As described in the Joint Marketing Agreement between your dealership and Ally, the information on this page should not be disclosed or used except as necessary to market, promote or endorse Ally financing or leasing or as otherwise permitted by law.

### Account Information

| | |
|---|---|
| Account Number: | ████████848 |
| Buyer/Lessee: | Andrew R Anderson |
| Vehicle Description: | N15 CADIATS |
| VIN: | 1G6AB5RXXF0120363 |
| Account Type: | Retail |

### Contract Information

| | |
|---|---|
| Contract Date: | 09/01/2018 |
| Contract Term: | 72 Months |
| Amount Financed: | $35,329.26 |
| Contracted Payment Amount: | $625.66 |
| After Market Products: | |

### Customer Payment Information

| | |
|---|---|
| Last Date Paid: | Not Available |
| Last Amount Paid: | Not Available |
| Billing Medium: | Electronic Bill Presentment |

EXHIBIT B

CARMEN 2000 ADP, Inc.   ON DEMAND CHECK NON-NEGOTIABLE · CD318

| CHECK CONTROL NO. | 188281 | ISSUED BY: KARINA_MORALES | BRICKELL MOTORS Miami, FL 33130 | PAGE 1C |
|---|---|---|---|---|

| INVOICE STOCK NO. | INVOICE DATE | PURCHASE ORDER NO. | COMMENTAY IN | AMOUNT | DISCOUNT ACCOUNT NO. | NET AMOUNT |
|---|---|---|---|---|---|---|
| | 111218 | PAY OFF FOR ANDREW RAY ANDERSON ACC#673-9241-78548 2015 CADILLAC ATS VIN#F0120363 | | | | 25,324.65 |
| | | | | 188281 | 1*20300 | -25,324.65 |
| | | | | P7799A | 1*30001 | 25,339.65 |
| | | | | | 1*3300 | -15.00 |
| | | | | TOTAL | 20300 | 25,324.65 |

DETACH AT PERFORATION BEFORE DEPOSITING CHECK                    REMITTANCE ADVICE

BRICKELL Motors

666 S.W. 8th Street
Miami, FL 33130
Phone: (305) 856-3000
www.brickellmotors.com

JPMorgan Chase Bank, N.A.
Miami, FL

188281          63-8413
               2670

DATE
12NOV18

PAY THIS AMOUNT
*****25,324   DOLLARS   65 CENTS

AMOUNT OF CHECK
*****25,324.65

162669

VOID AFTER 90 DAYS

NON-NEGOTIABLE

PAY TO THE ORDER OF   ALLY
PAYMENT PROCESSING CENTER
PHOENIX AZ 85062-8234

BY *********************
    *** NOT NEGOTIABLE ***
BY *********************
AUTHORIZED SIGNATURE

ACCOUNTING COPY

EXHIBIT C



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

EXHIBIT D

🔔

**ALLY FINANCIAL**
Reported: May 06, 2022

**$843.00**
**Needs Attention**

### Overview

You have **2%** left to pay on this loan.

| | |
|---|---|
| Balance | Highest Balance |
| $843 | $35705 |
| Monthly payment | |
| | $625 |
| Opened | Sep. 01, 2016 (5 yrs, 8 mos) |
| Term | 72 months |

### Payment History

You've made **97%** of payments for this account on time.

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022 | ✔ | ✔ | ✘ | ✘ | | | | | | | | |
| 2021 | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ |
| 2020 | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ |
| 2019 | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ |

⌄

✔ Current     ✘ Late     ⬤ Unknown

| | |
|---|---|
| Last payment | Nov. 01, 2018 |
| Current Payment Status | 90-119 Days Late |

| | | | |
|---|---|---|---|
| 🧾 | 〰 | 💱 | 🧭 |
| Today | Credit | Money | Explore |

| | |
|---|---|
| Account status | Open |
| Type | Auto |
| Responsibility | Individual Account. |
| Remarks | Consumer disputes after resolution |
| | Fixed rate |
| Times 30/60/90 days late | 1/1/0 |
| Closed | No Info |

**You could dispute an error with equifax**

**SEE AN ERROR?**

We've sent your dispute request to TransUnion, and we'll let you know when it's complete.

GO TO EQUIFAX

**Creditor Information**

ALLY FINANCIAL
P O BOX 380901
BLOOMINGTON, MN 55438

(888) 925-2559

Today  Credit   Money   Explore

EXHIBIT E

Prepared For

**Personal & Confidential**

**Date Generated**  Apr 4, 2022

**Report Number**  1406-6787-31

## About Dispute Results

Our reinvestigation of the dispute you recently submitted is now complete. If we were able to make changes to your credit report based on information you provided, we have done so. Otherwise we have contacted the company reporting the information you disputed, supplied them all relevant information and any documents you gave us with your dispute, and instructed them to: review all information we provide them about your dispute; verify the accuracy of the information; provide us a response to your dispute; and update their records and systems as necessary.

If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the requested status at the time of our reinvestigation.

## Here are your results

### ALLY FINANCIAL

Account · 673924XXXXXX



Updated

The item you disputed has been updated, which may include an update to the disputed information. Please review your report for the details.

You can contact ALLY FINANCIAL at PO BOX 380901, BLOOMINGTON , MN 55438 or (888) 925-2559

 **After your dispute**

 **Account Info**

| | | | |
|---|---|---|---|
| Account Name | **ALLY FINANCIAL** | Balance | **$839** |
| Account Number | **673924XXXXXX** | Balance Updated | **04/04/2022** |
| Account Type | **Auto Loan** | Recent Payment | **$0** |
| Responsibility | **Individual** | Monthly Payment | **$625** |
| Date Opened | **09/01/2016** | Original Balance | **$35,705** |
| Status | **Open. $240 past due as of Apr 2022.** | Highest Balance | **$0** |
| | | Terms | **72 Months** |

| Status Updated | 02/2022 | Terms | 72 months |
|---|---|---|---|

[$] **Payment History**

|      | J | F | M | A | M | J | J | A | S | O | N | D |
|------|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022 | ○ | 30 | — | 30 | — | — | — | — | — | — | — | — |
| 2021 | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ |
| 2020 | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ |
| 2019 | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ |
| 2018 | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ |
| 2017 | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ |
| 2016 | — | — | — | — | — | — | — | — | — | — | ○ | ○ |

○   Current on payments     30   30 Days Past Due

**Payment history guide**

30 days past due as of Apr 2022, Feb 2022

[≣] **Balance Histories**

| Date | Balance | Scheduled Payment | Paid |
|------|---------|-------------------|------|
| Feb 2022 | $791 | $625 | $0 on 11/13/2018 |
| Jan 2022 | $787 | $625 | $0 on 11/13/2018 |
| Dec 2021 | $783 | $625 | $0 on 11/13/2018 |
| Nov 2021 | $779 | $625 | $0 on 11/13/2018 |
| Oct 2021 | $774 | $625 | $0 on 11/13/2018 |
| Sep 2021 | $770 | $625 | $0 on 11/13/2018 |
| Aug 2021 | $766 | $625 | $0 on 11/13/2018 |
| Jul 2021 | $762 | $625 | $0 on 11/13/2018 |
| Jun 2021 | $758 | $625 | $0 on 11/13/2018 |
| May 2021 | $753 | $625 | $0 on 11/13/2018 |
| Apr 2021 | $749 | $625 | $0 on 11/13/2018 |

| Date | Balance | Scheduled Payment | Paid |
|------|---------|-------------------|------|
| Mar 2021 | $745 | $625 | $0 on 11/13/2018 |
| Feb 2021 | $741 | $625 | $0 on 11/13/2018 |
| Jan 2021 | $737 | $625 | $0 on 11/13/2018 |
| Dec 2020 | $733 | $625 | $0 on 11/13/2018 |
| Nov 2020 | $729 | $625 | $0 on 11/13/2018 |
| Oct 2020 | $724 | $625 | $0 on 11/13/2018 |
| Sep 2020 | $720 | $625 | $0 on 11/13/2018 |
| Aug 2020 | $716 | $625 | $0 on 11/13/2018 |
| Jul 2020 | $712 | $625 | $0 on 11/13/2018 |
| Jun 2020 | $708 | $625 | $0 on 11/13/2018 |
| May 2020 | $703 | $625 | $0 on 11/13/2018 |

**Additional info**

The original amount of this account was $35,705



**Contact Info**

Address

PO BOX 380901,
BLOOMINGTON MN 55438



**Comment**

**Current:**

Completed investigation of FCRA dispute - consumer disagrees.

**Previous:**

None



**Reinvestigation info**

This item was updated from our processing of your dispute in Apr 2022.

 **Before your dispute**

 **Account Info**

| | | | |
|---|---|---|---|
| Account Name | **ALLY FINANCIAL** | Balance | **$807** |
| Account Number | **673924XXXXXX** | Balance Updated | **03/06/2022** |
| Account Type | **Auto Loan** | Recent Payment | **$0** |
| Responsibility | **Individual** | Monthly Payment | **$625** |
| Date Opened | **09/01/2016** | Original Balance | **$35,705** |
| Status | **Open. $240 past due as of Mar 2022.** | Highest Balance | **$0** |
| Status Updated | **03/2022** | Terms | **72 Months** |

**$** **Payment History**

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022 | ○ | ○ | **30** | — | — | — | — | — | — | — | — | — |
| 2021 | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ |
| 2020 | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ |
| 2019 | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ |
| 2018 | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ |
| 2017 | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ |
| 2016 | — | — | — | — | — | — | — | — | — | ○ | ○ | ○ |

○   Current on payments     30   30 Days Past Due

**Payment history guide**

30 days past due as of Mar 2022

 **Balance Histories**

| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| **Feb 2022** | **$791** | **$625** | **$0 on 11/13/2018** |
| **Jan 2022** | **$787** | **$625** | **$0 on 11/13/2018** |
| **Dec 2021** | **$783** | **$625** | **$0 on 11/13/2018** |
| **Nov 2021** | **$779** | **$625** | **$0 on 11/13/2018** |

| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| Oct 2021 | $774 | $625 | $0 on 11/13/2018 |
| Sep 2021 | $770 | $625 | $0 on 11/13/2018 |
| Aug 2021 | $766 | $625 | $0 on 11/13/2018 |
| Jul 2021 | $762 | $625 | $0 on 11/13/2018 |
| Jun 2021 | $758 | $625 | $0 on 11/13/2018 |
| May 2021 | $753 | $625 | $0 on 11/13/2018 |
| Apr 2021 | $749 | $625 | $0 on 11/13/2018 |
| Mar 2021 | $745 | $625 | $0 on 11/13/2018 |
| Feb 2021 | $741 | $625 | $0 on 11/13/2018 |
| Jan 2021 | $737 | $625 | $0 on 11/13/2018 |
| Dec 2020 | $733 | $625 | $0 on 11/13/2018 |
| Nov 2020 | $729 | $625 | $0 on 11/13/2018 |
| Oct 2020 | $724 | $625 | $0 on 11/13/2018 |
| Sep 2020 | $720 | $625 | $0 on 11/13/2018 |
| Aug 2020 | $716 | $625 | $0 on 11/13/2018 |
| Jul 2020 | $712 | $625 | $0 on 11/13/2018 |
| Jun 2020 | $708 | $625 | $0 on 11/13/2018 |
| May 2020 | $703 | $625 | $0 on 11/13/2018 |

**Additional info**

The original amount of this account was $35,705

 **Contact Info**

Address

PO BOX 380901,
BLOOMINGTON MN 55438

**If the reinvestigation does not resolve your dispute, you have the right to add a statement of up to 100 words to your file disputing the accuracy or completeness of the information.**

→ If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to Experian including this information in every credit report we issue about you.

→ You may contact the company that reports the information to us and dispute it directly with them. If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly.

→ You may provide us additional information or documents about your dispute. Experian's online Dispute Center lets you easily add any pertinent documentation to a dispute. You can add documentation online when logged in on your computer or via a mobile device. You may also mail your information to Experian, P.O. Box 9701, Allen, Texas, 75013.

→ You may file a complaint about Experian or the company reporting the item, with the Consumer Financial Protection Bureau or your State Attorney General's office. You may submit a complaint to the Consumer Financial Protection Bureau at www.consumerfinance.gov/complaint or by mail at Consumer Financial Protection Bureau, PO Box 4503, Iowa City, IA 52244.

**If there has been a change to your credit history resulting from our reinvestigation, or if you add a consumer statement,** you may request that Experian send an updated report to those who received your report within the last two years for employment purposes, or within the last six months for any other purpose (the past 12 months for residents of Colorado, Maryland, or New York.) If you send a request to have your results sent to past recipients of your credit report, please designate the organization's name and address. In the event an organization is not specifically designated, we will generally default to sending only to companies that have requested your credit information as a result of an action you took, such as applying for credit, insurance, employment, or apartment rental.

**If interested, you may also request a description of how the reinvestigation was conducted** along with the business name, address, and telephone number (if reasonably available) of the furnisher of information.

**Thank you for helping ensure the accuracy of your credit information.** For frequently asked questions about your credit report, please visit experian.com/consumerfaqs. If no information follows, our response appeared on the previous page.

By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e. "Cancer Center") that reports your payment history to us. If so, those names display on your report, but on reports to others, they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.

## Know Your Rights

# Fair Credit Reporting Act (FCRA)

*Para información en español, visite www.consumerfinance.gov/learnmore o escribe a la Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, D.C. 20552.*

## A Summary of Your Rights Under the Fair Credit Reporting Act.

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under the FCRA. **For more information, including information about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, D.C. 20552.**

**You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment — or to take another adverse action against you — must tell you, and must give you the name, address, and phone number of the agency that provided the information.

**You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:

- a person has taken adverse action against you because of information in your credit report;
- you are the victim of identity theft and place a fraud alert in your file;
- your file contains inaccurate information as a result of fraud;
- you are on public assistance;
- you are unemployed but expect to apply for employment within 60 days.

In addition, all consumers are entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.consumerfinance.gov/learnmore for additional information.

**You have the right to ask for a credit score.** Credit scores are numerical summaries of your creditworthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

**You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.

**Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

**Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

**Access to your file is limited.** A consumer reporting agency may provide information about you only to people with a valid need — usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.

**You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.

**You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.** Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt-out with the nationwide credit bureaus at 1 888 5OPTOUT (1 888 567 8688).

**You may seek damages from violators.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.

**Identity theft victims and active duty military personnel have additional rights.** For more information, visit www.consumerfinance.gov/learnmore.

Consumers Have The Right To Obtain A Security Freeze

You have a right to place a 'security freeze' on your credit report, which will prohibit a consumer reporting agency from releasing information in your credit report without your express authorization. The security freeze is designed to prevent credit, loans, and services from being approved in your name without your consent. However, you should be aware that using a security freeze to take control over who gets access to the personal and financial information in your credit report may delay, interfere with, or prohibit the timely approval of any subsequent request or application you make regarding a new loan, credit, mortgage, or any other account involving the extension of credit.

As an alternative to a security freeze, you have the right to place an initial or extended fraud alert on your credit file at no cost. An initial fraud alert is a 1-year alert that is placed on a consumer's credit file. Upon seeing a fraud alert display on a consumer's credit file, a business is required to take steps to verify the consumer's identity before extending new credit. If you are a victim of identity theft, you are entitled to an extended fraud alert, which is a fraud alert lasting 7 years.

A security freeze does not apply to a person or entity, or its affiliates, or collection agencies acting on behalf of the person or entity, with which you have an existing account that requests information in your credit report for the purposes of reviewing or collecting the account. Reviewing the account includes activities related to account maintenance, monitoring, credit line increases, and account upgrades and enhancements.

**States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. For more information about your federal rights, contact:**

| FOR QUESTIONS OR CONCERNS REGARDING: | PLEASE CONTACT: |
|---|---|
| **1.a.** Banks, savings associations, and credit unions with total assets of over $10 billion and their affiliates. | **a.** Bureau of Consumer Financial Protection 1700 G Street NW |

**b.** Such affiliates that are not banks, savings associations, or credit unions also should list in addition to the Bureau:

Washington, DC 20552

**b.** Federal Trade Commission: Consumer Response Center - FCRA Washington, DC 20580 (877) 382-4357

**2.** To the extent not included in item 1 above:

**a.** National banks, federal savings associations, and federal branches and federal agencies of foreign banks

**b.** State member banks, branches and agencies of foreign banks (other than federal branches, federal agencies, and insured state branches of foreign banks), commercial lending companies owned or controlled by foreign banks, and organizations operating under section 25 or 25A of the Federal Reserve Act

**c.** Nonmember Insured banks, Insured State Branches of Foreign Banks, and insured state savings associations

**d.** Federal Credit Unions

**a.** Office of the Comptroller of the Currency Customer Assistance Group 1301 McKinney Street, Suite 3450 Houston, TX 77010-9050

**b.** Federal Reserve Consumer Help Center PO Box 1200 Minneapolis, MN 55480

**c.** FDIC Consumer Response Center 1100 Walnut Street, Box #11 Kansas City, MO 64106

**d.** National Credit Union Administration Office of Consumer Protection (OCP) Division of Consumer Compliance and Outreach (DCCO) 1775 Duke Street Alexandria, VA 22314

**3.** Air carriers

Asst. General Counsel for Aviation Enforcement & Proceedings Aviation Consumer Protection Division

Department of
Transportation
1200 New Jersey Avenue
SE
Washington, DC 20590

4. Creditors Subject to Surface Transportation Board

Office of Proceedings,
Surface Transportation
Board
Department of
Transportation
395 E Street, SW
Washington, DC 20423

5. Creditors Subject to Packers and Stockyards Act

Nearest Packers and
Stockyards Administration
area supervisor

6. Small Business Investment Companies

Associate Deputy
Administrator for Capital
Access
United States Small
Business Administration
409 Third Street, SW, 8th
Floor
Washington, DC 20416

7. Brokers and Dealers

Securities and Exchange
Commission
100 F St NE
Washington, DC 20549

8. Federal Land Banks, Federal Land Bank Associations, Federal
Intermediate Credit Banks, and Production Credit Associations

Farm Credit Administration
1501 Farm Credit Drive
McLean, VA 22102-5090

9. Retailers, Finance Companies, and All Other Creditors Not Listed

FTC Regional Office for

Above

region in which the creditor operates **or** Federal Trade Commission: Consumer Response Center - FCRA Washington, DC 20580 (877) 382-4357

## Notification of Rights

- Notification of Rights for California Consumers
- Notification of Rights for Colorado Consumers
- Notification of Rights for Connecticut Consumers
- Notification of Rights for Maryland Consumers
- Notification of Rights for Massachusetts Consumers
- Notification of Rights for Texas Consumers
- Notification of Rights for Vermont Consumers
- Notification of Rights for Washington Consumers

About Us

Contact Us

Terms & Conditions

Privacy Policy

© 2022 Experian. All rights reserved.

Experian and the Experian trademarks used herein are trademarks or registered trademarks of Experian Information Solutions, Inc., ConsumerInfo.com, Inc. or its affiliates. Other product or company names mentioned herein are the property of their respective owners. Licenses and Disclosures.



TrustedSite

CERTIFIED SECURE

# EXHIBIT F



**KLOSINSKI OVERSTREET**
ATTORNEYS AT LAW

1229 Augusta West Parkway | Augusta, GA 30909
(T) 706.863.2255  (F) 706.863.5885

April 19, 2022

VIA OVERNIGHT MAIL TRACKING NO.: 1Z 350 04R 01 9966 5969

ALLY FINANCIAL, INC
ATTN: Legal Department
500 Woodward Avenue, 10th Floor
Detroit, Michigan 48226

VIA OVERNIGHT MAIL TRACKING NO.: 1Z 350 04R 01 9151 5831

ALLY FINANCIAL, INC.
200 Renaissance Center #80
Detroit, Michigan 48243

RE:   DIRECT DISPUTE OF INFORMATION FURNISHED TO CONSUMER
REPORTING AGENCIES PURSUANT TO 15 U.S. § 1681s-2(a)(8) and 12 C.F.R.
§ 1022.43(a)

Our Client:        Andrew Ray Anderson
Your Account No:   673-9247-78548
Vehicle:           N15 Cadiats
VIN NO.:           1G6AB6RXXF0120363

Dear Sirs or Madam:

Please be advised that Andrew Ray Anderson ("Anderson") has engaged the undersigned, along
with my firm, Klosinski Overstreet, LLP ("KO"), to represent him in connection with certain
disputes and discrepancies related to a secured loan from Ally Financial, Inc. ("Ally"). The loan
is further identified by the above referenced account number. You are hereby notified that all
direct communication to Anderson should be forwarded to the undersigned, and any attempt to
contact Anderson directly will be considered harassment.

Sometime on or November 12, 2018, Anderson requested a payoff of Ally's loan ("Loan") in order
to trade in the above referenced vehicle ("Vehicle") to Brickell Buick & GMC ("Brickell") located
in Miami, Florida. On November 12, 2018, Ally furnished a payoff quote in the amount of
$25,324.85 ("Payoff"), with the assurance that Payoff was calculated and good through November
16, 2018. Enclosed herein is a true and correct copy of the Payoff quote. Thereafter, Anderson
and Brickell consummated the trade-in transaction and Brickell forwarded the Payoff to Ally
payment processing center via Fed Ex overnight mail. A true and correct copy of the receipt for
the check used by Brickell to make the Payoff is enclosed herein. Ally received the Payoff, applied

the funds to the Loan and issued the title to the Vehicle to Brickell. Thereafter, Ally has not contacted Anderson or notified Anderson by any means to report that a balance was still owed on the Loan.

Since the trade-in transaction, Anderson has applied for credit multiple times, and purchased at least two more vehicles with credit from different financial institutions. Most recently, Anderson has applied for a mortgage and upon submission of his application for a mortgage, Anderson discovered that Ally has reported a negative balance to the Credit Reporting Agencies ("CRA") in the amount of $839.32, thus affecting Anderson's credit score by at least thirty (30) points. This is the very first instance that Anderson discovered a negative balance owed to Ally even though he believed the Loan to be paid off over three (3) years prior. This negative credit reporting has severely affected Anderson's ability to obtain a mortgage, and if Anderson accepted Ally's deficiency charge, Anderson would pay tens of thousands more in interest over the term of his mortgage. Rather, Anderson has decided to engage this firm to enforce the protections afforded to him as a consumer under the consumer credit protection act.

Specifically, and pursuant to 12 C.F.R. § 1022.43(d)(2), and the Fair Debt Collection Practices Act, Anderson asserts the following illegal action of Ally:

(1) Ally's attempt to collect a debt that is not legally owed;
(2) Ally's attempt to collect a debt without providing notice to the consumer;
(3) Ally's assessment of unreasonable fees and interest on a consumer loan;
(4) Ally's attempt to collect a debt that has been waived due to nonenforcement;
(5) Erroneously and intentionally reporting of a negative balance to CRA; and
(6) Failure to satisfy a Anderson's loan upon receipt of Payoff.

As a result of the false reporting to CRA, Anderson's credit score has declined. The false reporting of misleading information to one or more CRAs is a direct and willful violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et. seq.* ("FCRA") and will subject Ally to liability to Anderson for actual damages, punitive damages, together with Anderson's reasonable attorneys' fees incurred in connection with addressing and remediating this situation.

DEMAND IS HEREBY MADE UPON ALLY, PURSUANT TO 15 U.S.C. § 1681s-2(a)(8) and 12 C.F.R. § 1022.43(a) TO CONDUCT AN IMMEDIATE REASONABLE INVESTIGATION OF THE REPORTING ERRORS SEPCIFICALLY IDENTIFIED HEREIN, TO PROMPTLY INFORM ALL THREE (3) CREDIT REPORTING AGENCIES OF THE RESULTS OF THE INVESTIGATION, TO REPORT THE RESULTS OF ITS INVESTIGATION TO ANDERSON THROUGH HIS UNDERSIGNED COUNSEL, AND TO DIRECT AND REQUEST THAT EVERY CRA TO WHICH ALLY PROVIDES INFORMATION RELATING TO THE LOAN TO CORRECT ITS RECORDS TO ACCURATELY REFLECT THE TRUTH OF THE MATTER, THAT ANDERSON HAS PAID HIS LOAN IN FULL IN NOVEMBER 2018.

Pursuant to 12 C.F.R. § 1022(e)(3), Ally is required to furnish a copy of the results of its investigation to the complaining consumer. Anderson hereby directs and instructs Ally to tender the results of its investigation into this matter to his attorney at the following address:

Bowen A. Klosinski
KLOSINSKI OVERSTREET, LLP
1229 Augusta West Parkway
Augusta, Georgia 30909
bak@klosinski.com

Furthermore, if this letter is ignored, Anderson reserves the right to institute a civil action against
Anderson in Columbia County, Georgia Superior Court seeking compensatory, statutory, treble,
and punitive damages from Ally, in addition to appropriate injunctive relief.

ALLY IS FURTHER ADVISED THAT, PURSUANT TO 12 C.F.R. § 1022(e)(3), ITS
REASONABLE INVESTIGATION INTO THIS MATTER MUST BE COMPLETED WITHIN
THIRTY (30) DAYS OF ALLY'S RECEIPT OF THIS CORRESPONDENCE.

If Anderson is forced to institute a civil action to assert his rights, this letter will be offered as
evidence that further inaccurate reporting of the Loan to any CRA, as that term is defined by 15
U.S.C. § 1681 a(f), by Ally, and/or its refusal to correct the existing false information reported to
such agencies was willful and intentional, and in callous disregard of Anderson's rights and
applicable law.

All correspondence regarding this matter should be directed to the undersigned counsel. This
matter demands your immediate attention.  If you have any questions or need any additional
information, please do not hesitate to let me know.

Very truly yours,

Bowen A. Klosinski

CC:            Client (via email aanderson@gjauto.com)


ENCL:          Ally Payoff Quote
               Receipt of Check No. 188281 payable to Ally
               Fed Ex Tracking Label from November 12, 2018
               Client Letter of Attorney Authority

**EXHIBIT G**

IN THE SUPERIOR COURT OF COLUMBIA COUNTY
STATE OF GEORGIA

ANDREW RAY ANDERSON,    )
   Plaintiff,       )
             )
v.             )
             )
ALLY FINANCIAL, INC.    )
   Defendant.     )
_____)

PAGE 1 OF 2 OF:

## <u>AFFIDAVIT OF BOWEN A. KLOSINSKI</u>

COMES NOW, Bowen A. Klosinski, and states under oath as follows:

1. I am an attorney at law, duly licensed to practice law in the State of Georgia.

2. I am an associate attorney in the law firm of Klosinski Overstreet, LLP ("KO") and KO principal office is located at 1229 Augusta West Parkway, Augusta, Georgia 30909.

3. I have been retained by Andrew Ray Anderson ("Client") to pursue a claim against Ally Financial, Inc. for violation of 15 U.S.C. §1681.

4. This affidavit is given in support of Client's claim for attorney's fees and costs associated with the above captioned matter.

5. I have considerable experience in litigating claims for wrongful debt collection and wrongful credit reporting.

6. I charge $275.00 an hour plus costs for litigation matters ("Hourly Rate").

7. In my opinion, the Hourly Rate is fair reasonable for a litigation matter such as Client's.

8. Prior to the filing of my Client's Complaint in the above caption matted, I billed Client $600.00 as a flat fee for consultation services, legal research, and preparation of the Notice letter attached to the Complaint as Exhibit "D."

9. In my opinion, the latter flat fee is a fair and reasonable fee to investigate and prepare a notice pursuant of 15 U.S.C. 1681 *et. seq.*

10. I have spent 2.5 hours in the drafting of Client's Complaint against Ally Financial, Inc. plus the cost of filing and perfection of service of same.

[SIGNATURES ON FOLLOWING PAGE]

ANDERSON V. ALLY FINANCIAL, INC | COLUMBIA COUNTY, GEORGIA SUPERIOR
COURT

PAGE 2 OF 2 OF AFFIDAVIT OF BOWEN A. KLOSINSKI

Bowen A. Klosinski
Affiant

Sworn to and subscribed before me
on this _24th_ day of May 2022.

Notary Public

## CERTIFICATE OF SERVICE, FONT AND MARGINS

I hereby certify that on this day the foregoing *Second Amended Complaint* was electronically filed with the Clerk of Court using the CM/ECF electronic filing system and sent a copy via UPS Next Day Air to:

Mark J. Windham
TROUTMAN SANDERS, LLP
600 Peachtree Street, N.E. Suite 3000
Atlanta, Georgia 30308

I further certify that I prepared this document in 14-point Times New Roman font and complied with the margin and type requirements of this Court.

This 28th day of July 2022.

/s/ Bowen A. Klosinski
Bowen A. Klosinski